STATE OF MINNESOTA

COUNTY OF HENNEPIN

FILED
MINNEAPOLIS, MINN
2018 MAR -7 PM 12: 57
CITY CLERK
DEPARTMENT

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Michael A. Mackey,

    Plaintiff,

vs.

City of Minneapolis; and Officer Andrew Reed; Officer Kristopher Dauble; and Sgt. Stuart Helmer, in their individual and official capacities,

    Defendants.

COMPLAINT WITH JURY DEMAND

Court File No:

Case Type: Other

Judge:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution as well as Minnesota state law against the City of Minneapolis and Officers Reed, Dauble and Helmer, in their individual and official capacities.

2. It is alleged that the Defendants made an unreasonable seizure of Plaintiff's person, violating his rights under the Fourth Amendment to the United States Constitution. It is also alleged that Defendants battered and falsely arrested Plaintiff under Minnesota state law.

## VENUE

3. Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 532.09, in that this cause of action arose in Hennepin County, MN.

RECEIVED
MAR 7 2018
Mpls. City Atys. Office

EXHIBIT 2

## PARTIES

4. Plaintiff Michael A. Mackey was at all material times a resident of the State of Minnesota and of full age.

5. Defendant City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the Defendant Officers.

6. The Defendant Police Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

## FACTS

7. On October 10, 2016, Mr. Mackey attended a wedding reception at Augie's Cabaret at 424 Hennepin Avenue in Minneapolis. His vehicle was parked in the adjacent parking lot. Mr. Mackey had parked in that lot previously and was aware of their policy of having cars towed that remained in the lot after 2:30 am.

8. Mr. Mackey stepped outside of Augie's Cabaret prior to 2:30 a.m. to purchase food from a street vendor and to retrieve his car. As he walked up to the street vendor, he saw his vehicle hooked to a tow truck.

9. Mr. Mackey spoke briefly to the tow truck driver. He saw Officer Reed walking toward him and he asked the officer for help, stating that his vehicle was being stolen. He then walked back to the tow truck on the driver's side, with Officer Reed following him. He spoke briefly to the tow truck driver when Officer Reed yelled at Mr. Mackey to go to the sidewalk. Mr. Mackey walked to the sidewalk and attempted to talk to the tow truck driver through the

EXHIBIT 2

passenger window. Officer Reed then instructed Mr. Mackey to come back into the street to speak to the driver through the driver's side window. Mr. Mackey followed Officer Reed's command and was arranging to pay the "drop fee" for the tow truck driver to release his vehicle.

10. Mr. Mackey then approached the driver and was discussing paying the drop. Officer Reed said, "Either pay the drop now or get out of the street." Next, without any justification, provocation, or warning, Officer Reed sprayed Mr. Mackey's face twice with pepper-spray from a very close distance. Mr. Mackey replied, "I'm paying it, I'm paying the drop," and asked the driver to pull over. Officer Reed the lost control and screamed, "Shut your mouth! Get out of here!" Officer Reed then attacked Mr. Mackey and shoved him hard in the chest, causing him to fall backward into the street.

11. There was no need or justification whatsoever for Officer Reed's attack on Mr. Mackey. Mr. Mackey did not threaten the Officers or the tow truck driver in any way.

12. While Mr. Mackey was on the ground, Officer Reed and Officer Dauble handcuffed Mr. Mackey behind his back and told him he was under arrest.

13. Officer Dauble was in close proximity to Mr. Mackey and Officer Reed the entire time and observed all of the events described above from a close distance. Officer Dauble failed to take any action to intervene or stop Officer Reed's violent and unjustified assault on Mr. Mackey.

14. Officer Reed and Officer Dauble then took Mr. Mackey to their squad. As they walked to the squad, Officer Reed continued to intimidate and badger Mr. Mackey. Officer Reed told Mr. Mackey, "You don't get to do what you want! You're not the special little snowflake who gets to do what you want!" Officer Reed also continuously yelled at Mr. Mackey on the way

3

EXHIBIT 2

to the squad that he was going to jail. Officer Reed told Mr. Mackey, "So now you can go sit there and have your temper tantrum in the jail!" Mr. Mackey attempted to reason with Officer Reed and begged the Officers not to take him to jail and explained that the arrest was unnecessary. Officer Reed replied, "I don't care."

15. Officer Reed then approached a vehicle driven by Sgt. Stuart Helmer. Officer Reed stated that Mr. Mackey's truck was being towed "right on the nose" and that "we make 'em do it." He then told Sgt. Helmer that he had given Mr. Mackey the chance to pay the drop charge but that Mr. Mackey wouldn't pay so he arrested him. By then, Officer Dauble had joined the conversation and stated, "We'll see you at the next one." All three officers concluded their conversation by laughing in amusement. Defendant Sgt. Helmer authorized and approved the unlawful arrest of Mr. Mackey.

16. The Defendant Officers' actions described above violated Minneapolis Police Department policies and procedures and the Defendants' decision to book Mr. Mackey into jail (as opposed to citing and releasing him) also violated the Minnesota Rules of Criminal Procedure.

17. Mr. Mackey was then transported to the Hennepin County Jail and jailed overnight and was charged with obstructing legal process and obstructing the sidewalk. All criminal charges against Mr. Mackey were dismissed on October 20, 2016.

18. As a result of Defendants' actions, Mr. Mackey suffered physical pain and suffering, including a large rash on his face and neck that lasted 4-5 months, right hip and low back injury with permanent pain and difficulty walking, and blurry vision that still has not resolved. Mr. Mackey has also suffered emotional trauma and distress, fear, stress, shame, humiliation, and embarrassment. Mr. Mackey has also suffered loss of freedom and liberty,

EXHIBIT 2

lost wages, and medical expenses. Mr. Mackey seeks reasonable damages in an amount greater than $50,000.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST OFFICERS REED AND DAUBLE

19. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

20. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when Officer Reed pepper-sprayed and shoved Plaintiff without justification and when Officer Dauble failed to intervene to stop Officer Reed's excessive use of force.

21. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND FALSE ARREST AGAINST ALL INDIVIDUAL DEFENDANTS

22. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

23. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures under the Fourth Amendment to the United States Constitution when the Defendant Officers arrested Plaintiff and booked him into the Hennepin County Jail without probable cause.

24. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

EXHIBIT 2

## COUNT 3: BATTERY AGAINST DEFENDANT OFFICER REED AND CITY OF MINNEAPOLIS UNDER MINNESOTA STATE LAW

25. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

26. Based on the above factual allegations, Defendant Officer Reed battered Plaintiff. Specifically, Officer Reed engaged in intentional, offensive, and unpermitted contact with Plaintiff when he pepper-sprayed and shoved Plaintiff without justification.

27. Defendant City of Minneapolis is vicariously liable to Plaintiff for Defendant Officer Reed's battery.

28. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

## COUNT 4: FALSE ARREST/IMPRISONMENT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

29. Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

30. Based on the above factual allegations, Defendants falsely arrested and imprisoned Plaintiff without probable cause or other legal justification. Plaintiff was actually unlawfully confined, and Plaintiff knew that he was being unlawfully confined.

31. In addition, the Defendants' decision to book Mr. Mackey into jail (as opposed to citing and releasing him) violated Minneapolis Police Department policies and procedures and the Minnesota Rules of Criminal Procedure. If anything, Plaintiff should have been cited and released without being booked into jail pursuant to Minn. R. Crim. 6.01.

32. As a direct and proximate result of this false arrest/imprisonment, Plaintiff suffered damages as aforesaid.

EXHIBIT 2

# RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution and battered and falsely arrested/imprisoned him and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against Defendants on Counts 1 and 2 of this Complaint pursuant to *Smith v. Wade*, 461 U.S. 30 (1983);

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.


**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**


THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: February 12, 2018

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com

EXHIBIT 2