UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Michael A. Mackey, | Civil File No. 0:18-cv-00830 |
| Plaintiff, | |
| v. | |
| City of Minneapolis; and Officer Andrew Reed; Officer Kristopher Dauble; and Sgt. Stuart Helmer, in the individual and official Capacities, | **ANSWER OF DEFENDANTS ANDREW REED AND KRISTOPHER DAUBLE** |
| Defendants. | |

For their Answer to Plaintiff's Complaint, Defendants Andrew Reed and Kristopher Dauble answer as follows:

Except for things expressly admitted, Defendants Reed and Dauble deny each and every allegation in the Complaint.

1. Assert that the allegations contained in Paragraph 1 are not susceptible to responsive pleading. To the extent a response is required, the allegations contained in Paragraph 1 are denied.

2. Assert that the allegations contained in Paragraph 2 are not susceptible to responsive pleading. To the extent a response is required, the allegations contained in Paragraph 2 are denied.

3. Admit that this court is a proper venue.

4. Assert that they are without sufficient information to form an opinion of the truth or falsity of the allegations contained in Paragraph 4 and they are therefore denied.

5. Admit the allegations contained in Paragraph 5.

6. Admit the allegations contained in Paragraph 6.

7. With respect to the allegations contained in paragraph 7 of the complaint, admit upon information and belief that Plaintiff's vehicle was parked in a parking lot adjacent to Augie's Cabaret. Assert that they are without sufficient information to form an opinion of the truth or falsity of the remaining allegations contained in Paragraph 7 and they are therefore denied.

8. Assert that they are without sufficient information to form an opinion of the truth or falsity of the allegations contained in Paragraph 8 and they are therefore denied.

9. With respect to the allegations contained in Paragraph 9 of the complaint, deny Plaintiff spoke briefly with the tow truck driver. Affirmatively allege that Plaintiff was yelling at the tow truck driver. Deny Plaintiff saw Defendant Reed walking toward him and asked for help, stating his vehicle was being stolen. Deny that Plaintiff was arranging to pay the "drop fee" for the tow truck driver to release Plaintiff's vehicle. Admit the remaining allegations contained in Paragraph 9 of the Complaint.

10. With respect to the allegations contained in Paragraph 10 of the complaint, deny that Plaintiff was discussing paying the drop. Admit that Defendant Reed said, "Either pay the drop now or get out of the street." Admit that Defendant Reed sprayed Plaintiff twice in the face with pepper spray from a short distance. Deny that Defendant Reed's actions were without justification or provocation. Deny that any of the statements alleged by Plaintiff in Paragraph 10 occurred after Plaintiff was pepper sprayed. Affirmatively allege that Plaintiff yelled, "I'm paying it, I'm paying the drop" at Defendant Reed and yelled at the tow truck driver to pull over. Deny that Defendant Reed lost control. Affirmatively allege the Defendant Reed ordered Plaintiff, "Shut your mouth. Get out of here" before

utilizing pepper spray. Deny that Defendant Reed attacked Plaintiff. Admit that Defendant Reed pushed Plaintiff back causing him to fall.

11. Deny the allegations contained in Paragraph 11 of the Complaint.

12. Admit the allegations contained in Paragraph 12 of the Complaint.

13. Admit the allegations contained in Paragraph 13 of the Complaint.

14. With respect to the allegations contained in Paragraph 14 of the complaint, admit that Defendants Reed and Dauble took Plaintiff to their squad car. Deny that Defendants continued to intimidate and badger Plaintiff. Deny that Defendant Reed continuously yelled at Plaintiff on the way to the squad. Deny that Plaintiff "attempted to reason" with the officers. Admit the remaining allegations contained in Paragraph 14 of the complaint.

15. With respect to the allegations contained in Paragraph 15 of the complaint, deny that Defendant Reed approached a vehicle drive by Sgt. Stuart Helmer. Admit that the statements alleged in Paragraph 15 did take place between Defendants Reed, Dauble, and an unknown third party. Deny that Plaintiff's arrest was unlawful. Deny that Sgt. Helmer authorized and approved Plaintiff's arrest.

16. Deny the allegations contained in Paragraph 16.

17. With respect to the allegations contained in Paragraph 17 of the complaint, admit that Plaintiff was transported to the Hennepin County Jail. Assert that they are without sufficient information to form an opinion of the truth or falsity of the allegation that Plaintiff was held overnight and it is therefore denied. Admit the remaining allegations contained in Paragraph 17.

18. Deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants reassert their answers to Paragraphs 1 - 18 above.

20. Deny the allegations contained in Paragraph 20 of the Complaint

21. Deny the allegations contained in Paragraph 21 of the Complaint

22. Defendants reassert their answers to Paragraphs 1 –  above.

23. Deny the allegations contained in Paragraph 23 of the Complaint

24. Deny the allegations contained in Paragraph 24 of the Complaint

25. Defendants reassert their answers to Paragraphs 1 – 18 above.

26. Deny the allegations contained in Paragraph 26 of the Complaint

27. Deny the allegations contained in Paragraph 27 of the Complaint

28. Deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants reassert their answers to Paragraphs 1 – 18 above.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny the allegations contained in Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim on which relief can be granted.

2. Plaintiff's claims are barred by the immunities afforded to these answering Defendants by law, including, but not limited to, qualified immunity and official immunity.

3. Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional or negligent acts or the actions of those over whom these answering Defendants exercised no right of control and for whose actions these answering Defendants are not legally responsible.

4. All actions taken by these answering Defendants were authorized by the laws of the United States and the State of Minnesota.

5. Defendants at all times acted in good faith and with reasonable belief that their conduct was lawful.

6. Plaintiff failed to mitigate his damages, if any.

7. Plaintiff's claims, as well as the factual and legal issues alleged in the Complaint, are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, claim preclusion, and issue preclusion.

8. Plaintiff's claims are barred in whole or in part because he failed to exhaust administrative remedies.

9. Plaintiff's claims also may be barred by the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure which are not specifically set out above. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses cannot be determined until there has been further discovery. Defendants, therefore, allege and incorporate all such affirmative defenses set forth in Fed. R. Civ. P. 8(c).

WHEREFORE, Defendants pray for an Order of this Court as follows:

1. Dismissing Plaintiff's Complaint with prejudice and on the merits.

2. Awarding Defendant all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3. For such other and further relief as this Court deems appropriate.

**SIGNATURE PAGE TO FOLLOW**

Date:  June 15, 2018								RICE, MICHELS & WALTHER LLP

s/Erik Bal  
Ann E. Walther (#21369X)  
Erik Bal (#397305)  
10 2nd St NE  
Suite 206  
Minneapolis, MN 55413  
(612) 676-2300  
awalther@ricmichels.com  
ebal@ricemichels.com  

ATTORNEYS FOR DEFENDANTS  
ANDEREW REED AND  
KRISTOPHER DAUBLE